ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of - | ) | |
| | ) | |
| Dashti Sanat Logistics and General Contracting | ) | ASBCA Nos. 63525, 63643 |
| | ) | |
| Under Contract No. W56KGZ-17-A-6014 | ) | |

APPEARANCE FOR THE APPELLANT:      Salma William Saikaly, Esq.
                                                            Law Offices of Salma William Saikaly
                                                            Willoughby Hills, OH

APPEARANCES FOR THE GOVERNMENT:      Dana J. Chase, Esq.
                                                            Army Chief Trial Attorney
                                                            CPT Natalie W. McKiernan, JA
                                                            MAJ Bruce Nessler, JA
                                                            Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE WILSON
ON THE GOVERNMENT'S MOTION TO DISMISS

The United States Army (Army or government) moves to dismiss ASBCA No. 63525 for lack of jurisdiction and requests to proceed on the matter under only ASBCA No. 63643. Dashti Sanat Logistics and General Contracting (Dashti or appellant) has indicated that it does not oppose the motion. For the reasons stated below, we grant the government's motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On March 8, 2017, the Army issued Blanket Purchase Agreement (BPA) No. W56KGZ-17-A-6014 to Dashti for the leasing of non-tactical vehicles (NTVs) in northern Iraq (R4, tab 1; gov't mot. at 2 ¶ 4).

2. On March 25, 2017, the Army issued an order to Dashti for leasing NTVs under the BPA (R4, tab 3). Dashti acknowledged the order, thereby establishing a contractual obligation between the parties (gov't mot. at 2 ¶ 6).

3. Appellant filed its first notice of appeal on February 2, 2023, asserting that it is entitled to additional costs due to damages sustained to the returned NTVs, incurred traffic citations, and NTVs that were not returned following the leasing period. The Board docketed the appeal as ASBCA No. 63525.

4. By Order dated March 13, 2023 and following the government's filing of the Rule 4 file, the Board, *sua sponte*, directed the government to locate appellant's certified claim.

5. On March 14, 2023, the government moved to dismiss the appeal for lack of jurisdiction, contending that appellant failed to file a claim with the contracting officer (gov't mot. at 1).

6. In response, on April 2, 2023, appellant stated that it had previously submitted a claim to the contracting officer on March 19, 2020, and that the claim "went unanswered [and] was never received by . . . the Contracting Officer." Appellant then stated that it resubmitted a certified claim on March 15, 2023, and subsequently moved to stay proceedings pending a contracting officer's final decision (COFD) on this recently submitted claim. (App. mot. at 2)[*] We find that the record does not demonstrate that a claim was filed with the contracting officer prior to the February 2, 2023 Notice of Appeal.

7. By Order dated April 17, 2023, the Board granted appellant's motion to stay proceedings to allow for the contracting officer to consider appellant's resubmitted claim.

8. Appellant filed its second notice of appeal on June 27, 2023 following the COFD, which denied the claim dated March 15, 2023 (R4, tab 182). The Board docketed the appeal as ASBCA No. 63643 and consolidated it with ASBCA No. 63525.

9. On November 9, 2023, the parties jointly elected to proceed with a hearing pursuant to Board Rule 10 (Bd. corr. ltr. dtd. November 9, 2023).

10. By Order dated November 20, 2023, the Board directed the government to confirm its intentions on its motion to dismiss.

11. On December 4, 2023, the government requested to renew its motion to dismiss, further requesting, "that the Board dismiss ASBCA No. 63525 for lack of jurisdiction, leaving only ASBCA No. 63643 before the Board." The government stated that the appeals, "arise from the same identical underlying facts and seek the same relief, except for ASBCA No. 63525's lack of a claim or COFD." (Bd. corr. ltr. dtd. December 4, 2023 at 1)

---

[*] Appellant filed a motion to stay proceedings, dated April 2, 2023, in response to the government's motion to dismiss.

12. In response, on December 12, 2023, appellant indicated that it does not oppose the government's request to dismiss ASBCA No. 63525, thus leaving ASBCA No. 63643 as the sole appeal remaining before the Board in this matter. Appellant further agreed with the government that the same issues outlined in ASBCA No. 63525 can be resolved by litigating only ASBCA No. 63643. (Bd. corr. ltr. dtd. December 12, 2023)

DECISION

In the government's motion to dismiss ASBCA No. 63525, it contends that the Board lacks jurisdiction due to appellant's failure to submit a claim to the contracting officer in accordance with the Contract Disputes Act (CDA) of 1978 (gov't mot. at 3-4).

Pursuant to the CDA, "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). Further, we have held that, "Under the CDA, the submission of a claim to the contracting officer and a final decision on (or the deemed denial of) the claim are prerequisites to jurisdiction over contractor claims." *Parsons Glob. Servs., Inc.*, ASBCA No. 56731, 11-1 BCA ¶ 34,632 at 170,653 (citing 41 U.S.C. §§ 605(a), (c)(5); *Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995)).

Here, we conclude that appellant's notice of appeal in ASBCA No. 63525 did not originate from a properly submitted claim to the contracting officer for a final decision in accordance with the CDA. Despite appellant's statement that it had previously submitted a claim to the contracting officer on March 19, 2020, appellant also acknowledged that the contracting officer never received this claim. (SOF ¶ 6)

Therefore, we lack jurisdiction to entertain ASBCA No. 63525, but agree with the parties that resolution of ASBCA No. 63643 will address the same issues outlined in ASBCA No. 63525 (SOF ¶¶ 11-12).

## CONCLUSION

The government's motion is granted.  Accordingly, ASBCA No. 63525 is dismissed from the Board's docket without prejudice, and the appeal shall proceed under ASBCA No. 63643.

Dated:  January 29, 2024

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I concur

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 63525, 63643, Appeals of Dashti Sanat Logistics and General Contracting, rendered in conformance with the Board's Charter.

Dated:  January 30, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals